Fee Paid
No CV30

FILED
CLERK, U.S. DISTRICT COURT
6/30/23
CENTRAL DISTRICT OF CALIFORNIA
BY: cs DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA DIAZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CV23-5265-GW(AGRx) |
| v. | ) Civil Action No. |
| | ) |
| EQUIFAX INFORMATION SERVICES, LLC, | ) |
| | ) Complaint and Demand for |
| Defendant. | ) Jury Trial |
| | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff ERICA DIAZ as and for her Complaint respectfully alleges as follows:

## I. INTRODUCTION

1. This is a civil action by Plaintiff, an individual consumer, seeking actual, statutory, and punitive money damages against Defendant EQUIFAX INFORMATION SERVICES, LLC, ("Equifax") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (hereinafter "FCRA").

## II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendants transact business in the city of Los Angeles, Los Angeles County, California, and the conduct complained of occurred in Los Angeles, California.

## III. PARTIES

3. Plaintiff is a natural person residing in the City of Los Angeles, Los Angeles County, California.

4. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

5. Upon information and belief, Defendant Equifax is a Georgia corporation duly authorized and qualified to do business in the State of California.

## IV. FACTS OF THE COMPLAINT

6. On November 15, 2022, Plaintiff obtained a copy of her consumer report and discovered incomplete, inaccurate and false information on Account Numbers ********1001 with Capital One Auto Finance, ******** with The Bank of Missouri and ******** with the First Progress Card.

7. On December 2, 2022, Plaintiff contacted Equifax via certified mail to dispute the completeness and accuracy of the trade lines reported in her consumer report. Plaintiff informed Defendant that the trade line was inaccurate and should therefore be deleted from her consumer report.

8. Upon information and belief, Plaintiff was informed via the reinvestigation results that the accounts were verified and accurate on December 23, 2022.

9. On December 27, 2022, Plaintiff applied for a home loan with First United Bank and Trust Company and was denied based on information being reported by Equifax.

10. Despite Plaintiff's dispute to Equifax informing them of the inaccuracies, Defendant Equifax continued to report the tradelines from approximately December 2022 through June 2023.

11. Defendant Equifax's publishing of such inaccurate information has severely damaged the personal and credit reputation of Plaintiff causing her FICO scores to be lowered resulting in her being denied credit and has caused severe humiliation, emotional distress, and mental anguish.

**V. FIRST CLAIM FOR RELIEF**
**15 U.S.C. § 1681i(a)(1)(A)**
**(Defendant Equifax)**

12. Plaintiff re-alleges and incorporates by reference paragraphs 1-11 above.

13. Defendant has violated 15 U.S.C. § 1681i(a)(1)(A) in that they failed to conduct a reasonable reinvestigation on the trade line items that are furnished to the Consumer Reporting Agencies.

14. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

15. Defendant's conduct was negligent and/or willful.

16. Plaintiff is entitled to actual damages, punitive damages, and litigation costs for Defendants' willful acts pursuant to 15 U.S.C. § 1681n.

17. Alternatively, Plaintiff is entitled to actual damages, and litigation costs if Defendants' violations are negligent, pursuant to 15 U.S.C. §1681o.

**VI. SECOND CLAIM FOR RELIEF**

**15 U.S.C. § 1681e(b)**
**(Defendant Equifax)**

18. Plaintiff re-alleges and incorporates by reference paragraphs 1-17 above.

19. Defendant Equifax violated 15 U.S.C. § 1681e(b) because they failed to follow reasonable procedures to assure maximum possible accuracy of the trade line information when preparing a consumer report purportedly concerning Plaintiff.

20. Defendant Equifax has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

21. At all times alleged herein, Defendant Equifax acted negligently and/or willfully.

22. Defendant Equifax is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## VII. THIRD CLAIM FOR RELIEF

**15 U.S.C. §1681i(a)(2)**
**(Defendant Equifax)**

23. Plaintiff re-alleges and incorporates by reference paragraphs 1-22 above.

24. Defendant Equifax has failed to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

25. Defendant Equifax has violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

26. Defendant Equifax has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

27. Defendant Equifax has done so either negligently or willfully.

28. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

29. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

**VIII. FOURTH CLAIM FOR RELIEF**
**15 U.S.C. §1681i(a)(4)**
**(Defendant Equifax)**

30. Plaintiff re-alleges and incorporates by reference paragraphs 1-28 above.

31. Defendant Equifax has violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

32. Defendant Equifax has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

33. At all times alleged herein, Defendant Equifax acted negligently and/or willfully.

34. Defendant Equifax is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

**IX. FIFTH CLAIM FOR RELIEF**
**15 U.S.C. §1681i(a)(5)**
**(Defendant Equifax)**

35. Plaintiff re-alleges and incorporates by reference paragraphs 1-34 above.

36. Defendant Equifax violated 15 U.S.C. §1681i(a)(5) because they (i) failed to reinvestigate the tradeline on Plaintiff's consumer report, and (ii) failed to find it to be inaccurate.

37. Defendant Equifax violated 15 U.S.C. §1681i(a)(5) in that they failed to have a procedure to prevent the recurrence of inaccurate or unverifiable information.

38. Defendant Equifax has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

39. At all times alleged herein, Defendant Equifax acted negligently and/or willfully.

40. Defendant Equifax is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

**X. SIXTH CLAIM FOR RELIEF**
**15 U.S.C. §1681i(a)(6)(B)(iii)**
**(Defendant Equifax)**

41. Plaintiff re-alleges and incorporates by reference paragraphs 1-40 above.

42. Defendant Equifax has violated 15 U.S.C. § 1681i(a)(6)(B)(iii) in that they failed to have a procedure to prevent giving false information upon re-investigation.

43. Defendant Equifax has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

44. At all times alleged herein, Defendant Equifax acted negligently and/or willfully.

45. Defendant Equifax is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## XI. SEVENTH CLAIM FOR RELIEF
## 15 U.S.C. §1681i(7)
## (Defendant Equifax)

46. Plaintiff re-alleges, and incorporates by reference, paragraphs 1-45 above.

47. Defendant Equifax has violated 15 U.S.C. §1681i(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information.

48. Defendant Equifax has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

49. Defendant Equifax acted negligently and/or willfully.

50. Defendant is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## XII. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a jury trial and entry of judgment in favor of Plaintiff and against Defendant for:

A. Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1).

C. Costs and fees pursuant to 15 USC § 1681n(a)(3) and 15 U.S.C § 1681o(b).

D. Demand amount of $6,500.00.

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: June 30, 2023

By: Erica Diaz

ERICA DIAZ
360 E Imperial Hwy APT D,
Los Angeles, CA 90061-3036
(424) 264-9114
ericadiaz1988@yahoo.com
*Pro se*